**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
PRINCE GEORGE'S COUNTY DIVISION**

**CHRISTOPHER WOOD**
**22301 Aquasco Road**
**Aquasco, MD 20608**

**And**

**MEREDITH WOOD**
**22301 Aquasco Road**
**Aquasco, MD 20608**

**And**

**AUTUMN WOOD**
**22301 Aquasco Road**
**Aquasco, MD 20608**

**And**

**ADELINE WOOD**
**22301 Aquasco Road**
**Aquasco, MD 20608**

       **Plaintiffs,**

                                    **Case No:**

**v.**

**THE UNITED STATES OF AMERICA**
**SERVE: United States Attorney's Office**
**For the District of Columbia**
**601 D Street NW**
**Washington, D.C. 20004**

       **Defendant.**

---

## COMPLAINT

COMES NOW the Plaintiffs, **Christopher Wood, Meredith Wood, Autumn Wood, and Adeline Wood (collectively, "the Wood family")**, by and through their counsel, David Stark, Esq. and Morgan & Morgan, DC, PLLC, who bring this cause of action against Defendant, **the**

1

**United States of America**, on the grounds and in the amounts set forth herein.

## PARTIES

1. Plaintiff, Christopher Wood ("Mr. Wood") is an adult citizen of the United States under no legal disability who resides in Prince George's County in the state of Maryland.

2. Plaintiff, Meredith Wood ("Mrs. Wood") is an adult citizen of the United States under no legal disability who resides in Prince George's County in the state of Maryland.

3. Plaintiff, Autumn Wood ("Autumn") is a minor and citizen of the United States under no legal disability who resides in Prince George's County in the state of Maryland.

4. Plaintiff, Adeline Wood ("Adeline") is a minor and citizen of the United States under no legal disability who resides in Prince George's County in the state of Maryland.

5. Defendant, United States of America, comprises the Federal Government. This suit involves a claim against the United States Postal Service ("USPS"), which is a federal agency within the meaning of the Federal Tort Claims Act, Title 28 United States Code § 2671, et seq.

## JURISDICTION AND VENUE

6. The Court has personal jurisdiction over this claim pursuant to 28 U.S.C. § 2674.

7. This Court has subject-matter jurisdiction over this claim pursuant to 28 U.S.C. § 1346.

8. Jurisdiction and venue are proper as this cause of action arises from tortious facts that took place in the District of Columbia. *See* 28 U.S.C. § 1402(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. On January 20, 2026, Plaintiffs submitted a timely Standard Form 95 to the USPS, which detailed the nature of the claim and demanded a sum certain for damages.

10. More than six months have passed since submission of Plaintiff's Standard Form 95, and

the USPS has failed to make a final disposition of Plaintiff's claim.   USPS's inaction therefore constitutes a final denial of Plaintiff's claim.  *See* 28 U.S.C. § 2675(a).

11. Plaintiff has exhausted all administrative remedies required by 28 U.S.C. § 2675 before filing this complaint.

## FACTS

12. On or about December 29, 2025, at around 3:59 p.m., Mr. Wood was lawfully operating his motor vehicle, a 2015 Nissan Armada, travelling westbound in the on Maryland Route 381 in Charles County, Maryland.

13. On the aforementioned date and time, Ms. Wood was a restrained occupant in the front passenger seat of the vehicle that Mr. Wood was driving, and Adeline and Autumn occupied the rear passenger seats as restrained occupants of the vehicle.

14. On the aforementioned date, and at the time of the accident, the weather conditions were clear; it was during the daytime; and the surface conditions on the roadway were dry.

15. At the same time, Jean Martin ("Mr. Matin"), an employee for the USPS, was operating a Mercedes-Benz Metris, bearing VIN: W1XV0BEM4P296902 and displaying the name and logo of the USPS on its side.

16. At all relevant times, Mr. Martin was acting within the course and scope of his employment with the USPS and United States Government.

17. Mr. Martin was travelling in the right shoulder of westbound Maryland Route 381, in the same direction as Mr. Wood.

18. At all relevant times, Mr. Thomas was an employee of the USPS and was acting within the course and scope of his employment with the USPS and United States government.

19. Suddenly, in a careless, negligent, and reckless manner, Mr. Martin attempted to execute a

left turn from the right shoulder into a private driveway near 5732 Brandywine Road in Hughesville, MD.

20. In attempting to execute the maneuver described in paragraph 19, Mr. Martin caused Mr. Wood's vehicle to collide with the front-end of Mr. Wood's vehicle.

21. Under Maryland law, including Md. Code, Transportation Article § 21-402(a), "if the driver of a vehicle intends to turn to the left … into an alley or a private road or driveway, the driver shall yield the right-of-way to any other vehicle that is . . . so near to it as to be an immediate danger."

22. Under Maryland law, including Md. Code, Transportation Article § 21-404, the driver of a vehicle about to cross a highway from a private road or driveway, or an unpaved highway, shall stop and yield the right of way to any other vehicle approaching on the paved highway.

23. As a result of Defendant's actions that caused the collision previously mentioned, the Wood family sustained serious and debilitating injuries, including injuries that continue in nature.

24. The Wood family has required medical treatment for these injuries and has incurred significant medical expenses.

25. The collision occurred as the proximate result of the negligent conduct of Mr. Martin, an employee of the federal government.

## COUNT I – NEGLIGENCE: CHRISTOPHER WOOD v. U.S.

Plaintiff pleads and fully incorporates by reference paragraphs No. 1 through No. 25 of this Complaint, as if the allegations were set forth fully herein, and further states as follows:

26. Mr. Martin, an employee of the United States government, had a duty to operate his vehicle

with reasonable care and with due regard of other drivers using the road.

27. The federal employee breached this duty and was negligent in that Defendant:

   a. failed to pay full time and attention to driving;

   b. failed to keep a proper lookout;

   c. failed to keep his automobile under proper control;

   d. failed to operate his vehicle in a safe manner under the conditions then and there prevailing;

   e. failed to use reasonable care when operating his vehicle;

   f. failed to keep a proper distance from a travelling vehicle;

   g. failed to obey traffic laws;

   h. failed to safely operate his vehicle at a reasonable rate of speed;

   i. failed to take steps to avoid causing a collision;

   j. failed to generally operate his vehicle in a safe, reasonable, and prudent manner;

   k. was otherwise negligent in operating his vehicle.

28. Defendant Martin's conduct, which violated the Maryland Code Transportation Article, §§ 21-402(a) and 21-404, constituted a failure to comply with his duties under Maryland law and a failure to exercise reasonable care in the operation of his motor vehicle.

29. As a direct and proximate result of Defendant's above-described negligence, Plaintiff suffered serious injury to his person, including pain and suffering, emotional distress, loss of enjoyment of life, loss of opportunity, physical impairment, disfigurement, medical expenses and other damages.

30. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674, Defendant United States of America is liable to the same extent as that of a private citizen for the tortious acts of its

employees when those acts are committed within the scope of the employee's employment with the federal government.

### COUNT II – NEGLIGENCE: MEREDITH WOOD v. U.S.

Plaintiff pleads and fully incorporates by reference paragraphs No. 1 through No. 30 of this Complaint, as if the allegations were set forth fully herein, and further states as follows:

31. Mr. Martin, an employee of the United States government, had a duty to operate his vehicle with reasonable care and with due regard of other drivers using the road.

32. The federal employee breached this duty and was negligent in that Defendant:

    a. failed to pay full time and attention to driving;

    b. failed to keep a proper lookout;

    c. failed to keep his automobile under proper control;

    d. failed to operate his vehicle in a safe manner under the conditions then and there prevailing;

    e. failed to use reasonable care when operating his vehicle;

    f. failed to keep a proper distance from a travelling vehicle;

    g. failed to obey traffic laws;

    h. failed to safely operate his vehicle at a reasonable rate of speed;

    i. failed to take steps to avoid causing a collision;

    j. failed to generally operate his vehicle in a safe, reasonable, and prudent manner;

    k. was otherwise negligent in operating his vehicle.

33. Defendant Martin's conduct, which violated the Maryland Code Transportation Article, §§ 21-402(a) and 21-404, constituted a failure to comply with his duties under Maryland law and a failure to exercise reasonable care in the operation of his motor vehicle.

34. As a direct and proximate result of Defendant's above-described negligence, Plaintiff suffered serious injury to her person, including pain and suffering, emotional distress, loss of enjoyment of life, loss of opportunity, physical impairment, disfigurement, medical expenses and other damages.

35. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674, Defendant United States of America is liable to the same extent as that of a private citizen for the tortious acts of its employees when those acts are committed within the scope of the employee's employment with the federal government.

**COUNT III – NEGLIGENCE: AUTUMN WOOD v. U.S.**

Plaintiff pleads and fully incorporates by reference paragraphs No. 1 through No. 35 of this Complaint, as if the allegations were set forth fully herein, and further states as follows:

36. Mr. Martin, an employee of the United States government, had a duty to operate his vehicle with reasonable care and with due regard of other drivers using the road.

37. The federal employee breached this duty and was negligent in that Defendant:

   a. failed to pay full time and attention to driving;

   b. failed to keep a proper lookout;

   c. failed to keep his automobile under proper control;

   d. failed to operate his vehicle in a safe manner under the conditions then and there prevailing;

   e. failed to use reasonable care when operating his vehicle;

   f. failed to keep a proper distance from a travelling vehicle;

   g. failed to obey traffic laws;

   h. failed to safely operate his vehicle at a reasonable rate of speed;

i.   failed to take steps to avoid causing a collision;

j.   failed to generally operate his vehicle in a safe, reasonable, and prudent manner;

k.   was otherwise negligent in operating his vehicle.

38.   Defendant Martin's conduct, which violated the Maryland Code Transportation Article, §§ 21-402(a) and 21-404, constituted a failure to comply with his duties under Maryland law and a failure to exercise reasonable care in the operation of his motor vehicle.

39.   As a direct and proximate result of Defendant's above-described negligence, Plaintiff suffered serious injury to her person, including pain and suffering, emotional distress, loss of enjoyment of life, loss of opportunity, physical impairment, disfigurement, medical expenses and other damages.

40.   Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674, Defendant United States of America is liable to the same extent as that of a private citizen for the tortious acts of its employees when those acts are committed within the scope of the employee's employment with the federal government.

### COUNT IV – NEGLIGENCE: ADELINE WOOD v. U.S.

Plaintiff pleads and fully incorporates by reference paragraphs No. 1 through No. 40 of this Complaint, as if the allegations were set forth fully herein, and further states as follows:

41.   Mr. Martin, an employee of the United States government, had a duty to operate his vehicle with reasonable care and with due regard of other drivers using the road.

42.   The federal employee breached this duty and was negligent in that Defendant:

a.   failed to pay full time and attention to driving;

b.   failed to keep a proper lookout;

c.   failed to keep his automobile under proper control;

d.  failed to operate his vehicle in a safe manner under the conditions then and there prevailing;

e.  failed to use reasonable care when operating his vehicle;

f.  failed to keep a proper distance from a travelling vehicle;

g.  failed to obey traffic laws;

h.  failed to safely operate his vehicle at a reasonable rate of speed;

i.  failed to take steps to avoid causing a collision;

j.  failed to generally operate his vehicle in a safe, reasonable, and prudent manner;

k.  was otherwise negligent in operating his vehicle.

43.  Defendant Martin's conduct, which violated the Maryland Code Transportation Article, §§ 21-402(a) and 21-404, constituted a failure to comply with his duties under Maryland law and a failure to exercise reasonable care in the operation of his motor vehicle.

44.  As a direct and proximate result of Defendant's above-described negligence, Plaintiff suffered serious injury to her person, including pain and suffering, emotional distress, loss of enjoyment of life, loss of opportunity, physical impairment, disfigurement, medical expenses and other damages.

45.  Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674, Defendant United States of America is liable to the same extent as that of a private citizen for the tortious acts of its employees when those acts are committed within the scope of the employee's employment with the federal government.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, Christopher Wood, Meredith Wood, Autumn Wood, and Adeline Wood, bring this action and claims compensatory damages and demands Four Million Dollars ($4,000,000.00) from Defendant United States of America plus interest, costs of this suit, and such other and further relief as the Court may find appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff demands a trial by jury of all issues so triable as of right.

Respectfully submitted,

CHRISTOPHER WOOD
MEREDITH WOOD
AUTUMN WOOD
ADELINE WOOD

By Counsel

*/s/ Christopher Getty*
Christopher Getty
Attorney no. 22070
Morgan & Morgan, DC PLLC
20 M Street SE, Suite 600,
Washington, DC 20003
Email: cgetty@forthepeople.com
Phone: (202) 772-0587
*Counsel for the Wood Family*